UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. CIVIL ACTION NO. 3:09MC153-RJC

| | |
|---|---|
| IN RE APPLICATION OF BLUE OIL TRADING LTD., <br><br> In re Application for Order Pursuant to 28 U.S.C. § 1782 | ) ) ) ) **MEMORANDUM AND ORDER** ) ) ) ) |

**THIS MATTER** is before the Court on Blue Oil Trading Ltd.'s "Renewed Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #11) filed on October 6, 2009 and "Speedway Motorsports, Inc.'s Opposition to Renewed Application for Discovery" (document #14) filed October 13, 2009.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject application is now ripe for determination.

Having carefully reviewed the arguments, the record and the applicable authority, the Court will <u>grant</u> Blue Oil Trading Ltd.'s "Renewed Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #11), as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Blue Oil Trading Ltd. ("Blue Oil") seeks the discovery requested in its Application to defend against claims for over $6 million in a commercial action before the High Court of Justice in the United Kingdom. That case is captioned Speedway Motorsports, Inc. et al. v. Blue Oil Trading Ltd, Folio No. 2007/1644 (the "UK Litigation"), and is brought by Speedway Motorsports, Inc. ("SMI") and Oasis Trading Group, LLC ("Oasis") (collectively, "Plaintiffs"). In the UK Litigation, Plaintiffs allege, <u>inter alia</u>, that Blue Oil and other entities breached a Memorandum of Understanding ("MOU") and other agreements between the parties by failing to pay Plaintiffs their proper share of profits generated by the parties' oil trading and distribution business in Guatemala. Blue Oil has

1

counterclaimed that Plaintiffs owe Blue Oil and its affiliates up to approximately $4.6 million.

Blue Oil seeks to serve Deloitte LLP ("Deloitte") with a subpoena duces tecum and to take depositions, arguing that documents and testimony from Deloitte, a non-party to the UK Litigation who is based in this judicial district, are directly relevant to the claims and counterclaims in the UK Litigation. Blue Oil contends that Deloitte was SMI's auditor for most of the period during which the parties' business was operating and would have direct knowledge of, and documents concerning SMI's contemporaneous communications concerning the business; its understanding of the proper allocations of profits and losses between the parties; and other payments made by SMI in connection with the business.

On August 27, 2009, Blue Oil filed an application for an order pursuant to 28 U.S.C. § 1782. This Court ordered Blue Oil to serve all parties in the UK Litigation and set a response deadline of September 10, 2009. SMI requested an extension of time to respond to Blue Oil's application. The Court granted SMI's request and set its response due on October 1, 2009. SMI filed a response on October 1, 2009. On October 5, 2009, this Court issued an Order denying Blue Oil's application without prejudice and with leave to file a renewed application, citing concerns about overbreadth and confidential commercial information.

## II. DISCUSSION

A party to a lawsuit may obtain discovery from a non-party who resides outside the district of the suit by issuing a subpoena from the court in which the documents are to be produced or the deposition is to be taken. Fed. R. Civ. P. 34, 45(a)(2)-(3). When the underlying litigation is outside the United States, the party seeking discovery must make an application to the court pursuant to 28 U.S.C. § 1782 for an order to conduct discovery before issuing a subpoena under Rule 45.

An applicant must satisfy three threshold requirements before a court can compel discovery under § 1782: (1) the person from whom discovery is sought must reside in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application should be made either by a foreign tribunal or any interested person. Intel Corp. v. Advanced Micro

2

Devices, Inc., 542 U.S. 241, 264 (2004). The court may then exercise its discretion to determine if discovery should be granted, and if so, what the limits of that discovery should be. Id.

As held in this Court's previous Order on October 5, 2009, Blue Oil has satisfied the statutory elements of § 1782 and this Court has jurisdiction to order the relief requested. However, the Supreme Court has emphasized that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp., 542 U.S. at 264. The Supreme Court has identified several non-exclusive factors that a district court may take into account in deciding whether to grant an application under § 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding [in which case] the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requests should be scaled back to avoid undue burden. Id. at 264-65.

In the renewed application, the Court finds that while Blue Oil has narrowly tailored portions of its discovery requests, some portions of its discovery requests are still overly broad and impose an undue burden on Deloitte. Therefore, the Court will grant the application with the following parameters:

<u>Documents and Things to Be Made Available</u>

1. All documents concerning the MOU at issue in the UK Litigation.

2. All documents concerning the Agreements at issue in the UK Litigation.

3. All documents concerning Defendants in the UK Litigation which also concern (a) the MOU, (b) the Agreements, and/or (c) the UK Litigation.

4. All documents concerning Oasis Trading Group LLC which also concern the UK Litigation.

5. All documents concerning Alka Wenker, Mario Brol, Augusto Estrada, Matias Rojas, Max Beckett, William Brooks, David Blihovde, Michael Hodge, Chet Fream or Laymon Harrison, which also concern the UK Litigation.

6. All documents concerning all payments made, directly or indirectly, by Plaintiffs, to any person in Guatemala from January 1, 2005 to January 1, 2009 which concern oil trading activities conducted in Guatemala.

Deposition Topics

1. The MOU and documents concerning the MOU at issue in the UK Litigation.

2. The Agreements and documents concerning the Agreements at issue in the UK Litigation.

3. Defendants and documents concerning the Defendants in the UK Litigation as related to the (a) the MOU, (b) the Agreements, and/or (c) the UK Litigation.

4. The Oasis Trading Group LLC and documents concerning the Oasis Trading Group LLC as related to the UK Litigation.

5. Alka Wenker, Mario Brol, Augusto Estrada, Matias Rojas, Max Beckett, William Brooks, David Blihovde, Michael Hodge, Chet Fream or Laymon Harrison and all documents concerning such individuals as related to the UK Litigation.

6. Payments made, directly or indirectly, by Plaintiffs, to any person in Guatemala from January 1, 2005 to January 1, 2009 and all documents concerning such payments as related to oil trading activities conducted in Guatemala.

With regard to the concerns about disclosure of confidential commercial information, the Court finds that the proposed Stipulated Protective Order submitted by Blue Oil with its renewed application should alleviate any of these concerns and will enter such order when presented by the parties.

### III.  ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1.  Blue Oil Trading Ltd.'s "Renewed Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #11) is **GRANTED** with parameters as stated above.

2.  The Clerk is directed to **ISSUE** the proposed subpoena once it is amended as directed in this Order by counsel for Blue Oil.

3.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the Petitioner, counsel for Speedway Motorsports, Inc. and to counsel for the proposed deponent, Deloitte ; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: October 14, 2009

David S. Cayer
United States Magistrate Judge

5